1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Leticia Garcia,                                No. 2:24-cv-00563-KJM-DB

12                     Plaintiff,                     ORDER

13         v.

14    Ford Motor Company,

15                     Defendant.

16

17         Plaintiff Leticia Garcia seeks to remand this case to state court.  Defendant opposes and

18   alternatively seeks limited jurisdictional discovery.  For the reasons set forth below, the court

19   **denies** the motion and finds defendant's request for jurisdictional discovery **moot**.

20   I.      BACKGROUND

21         Plaintiff originally filed this action in San Joaquin County Superior Court on January 8,

22   2024, alleging her newly acquired vehicle was not repaired to conform to the applicable

23   warranties.  *See generally* Compl., Trina M. Clayton Decl. Ex. A, ECF No. 1-2.  Her complaint

24   asserts three claims: (1) breach of implied warranty of merchantability; (2) breach of express

25   warranty; and (3) breach of the Song-Beverly Warranty Act.  *Id.* ¶¶ 13–44.  Plaintiff does not

26   allege a specific amount in damages.  *See generally id.*  Instead, she seeks an indeterminant

27   amount through replacement or restitution, incidental damages, consequential damages, civil

28   penalties in an amount not to exceed two times plaintiff's actual damages, reasonable attorney's

                                                   1

1   fees, costs, the difference between the vehicle's value as accepted and the vehicle's value if it had

2   been as warranted, remedies provided under Chapters 6 and 7 of Division 2 of the Commercial

3   Code, prejudgment interest and any other relief the court deems proper.  *See id.* (prayer).

4        Plaintiff served defendant on January 10, 2024.  Clayton Decl. ¶ 5, ECF No. 1-1; Mot. at

5   10,[1] ECF No. 9.  On January 25, 2024, defendant received a copy of the dealership's sales

6   contract governing plaintiff's acquisition of the subject vehicle.  Tracy Ford Email, Clayton Decl.

7   Ex. B, ECF No. 1-3; Sales Contract, Clayton Decl. Ex. C, ECF No. 1-4.

8        Defendant removed the action to this court on February 22, 2024, asserting federal

9   diversity jurisdiction under 28 U.S.C. § 1332.  *See generally* Removal Notice, ECF No. 1.

10  Plaintiff now moves to remand, arguing defendant's removal was not timely and defendant has

11  not properly established diversity of citizenship.  *See* Mot. at 13–18.  Additionally, plaintiff

12  argues comity principles favor remand because her claims "rely entirely on California state law."

13  *Id.* at 18.  Defendant opposes the motion, *see* Opp'n, ECF No. 10, and plaintiff has replied, *see*

14  Reply, ECF No. 11.  The court submitted the motion without oral arguments as provided under

15  Local Rule 230(g).  Min. Order (May 9, 2024), ECF No. 12.

16  **II.    LEGAL STANDARD**

17       When a federal district court would have original jurisdiction over an action originally

18  filed in state court, the action may be removed to federal court.  28 U.S.C. § 1441(a).  Federal

19  courts have original jurisdiction over civil cases in which the amount in controversy exceeds

20  $75,000 and the case is diverse, typically meaning it is between citizens of different states.

21  28 U.S.C. § 1332.

22       The Ninth Circuit strictly construes the removal statute against removal jurisdiction.  *Gaus*

23  *v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The "strong presumption" against removal

24  jurisdiction means the defendant has the burden to establish removal is proper.  *Id.*  A court must

25  reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  *Id.*

26  After removal, "[a] motion to remand the case on the basis of any defect other than lack of subject

----

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1  matter jurisdiction must be made within 30 days after the filing of the notice of removal under

2  section 1446(a)."  28 U.S.C. § 1447(c).

3  **III.   ANALYSIS**

4       Plaintiff argues defendant removed the case too late, has not properly established diversity

5  jurisdiction and under principles of comity, the case should be remanded.  The court addresses

6  these arguments in turn.

7       **A.   Timeliness**

8       Under 28 U.S.C. § 1446(b), there are "two thirty-day periods for removing a case.  The

9  first thirty-day removal period is triggered if the case stated by the initial pleading is removable

10  on its face." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (internal

11  citation and quotation marks omitted).  "The second thirty-day removal period is triggered if the

12  initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of

13  an amended pleading, motion, order or other paper' from which removability may first be

14  ascertained." *Id.* (quoting 28 U.S.C. § 1446(b)).

15       Here, the parties dispute which thirty-day window applies.  Plaintiff contends the first

16  window applies, because the information in the complaint was enough to make defendant

17  objectively aware the amount in controversy exceeded $75,000.  Mot. at 14–15; *see also* Reply at

18  7–8.  However, nowhere in the complaint does plaintiff allege the actual amount in controversy.

19  *See generally* Compl.  Instead, the complaint provides the make, model, year, partial VIN and

20  subject vehicle by owner name. *Id.* ¶¶ 4–5.  According to plaintiff, this was enough for defendant

21  to "objectively know[]" the amount in controversy because defendant "is the manufacturer and/or

22  distributor of the vehicle[.]"  Reply at 7.

23       Defendant disagrees and argues the second thirty-day period applies.  According to

24  defendant, the complaint provides "no means for determining the amount in controversy."  Opp'n

25  at 7.  Instead, it was not until January 25, 2024, when it received a copy of the sales contract for

26  the vehicle, that defendant was able to determine the purchase price and subsequently the amount

27  in controversy. *Id.*; Removal Not. ¶¶ 5–7, ECF No. 1.  Therefore, defendant contends its removal

1   notice was timely, because it was filed on February 22, 2024—within thirty days from when it

2   discovered the case was removable.  Opp'n at 7.  Defendant is correct.

3          While defendant might have easily guessed the amount in controversy in this case

4   exceeded $75,000, under Ninth Circuit precedent, it was under no obligation to do so.  *See Harris*

5   *v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("[N]otice of removability under

6   § 1446(b) is determined through examination of the four corners of the applicable pleadings, not

7   through subjective knowledge or a duty to make further inquiry."); *see also Balaoing v. Nissan N.*

8   *Am., Inc.*, No. 23-00575, 2023 WL 4234664, at *4 (E.D. Cal. June 28, 2023), *report and*

9   *recommendation adopted*, No. 23-00575, 2023 WL 5635999 (E.D. Cal. Aug. 31, 2023) (finding

10  defendant was not put on notice of removability "because no sum amount [was] expressly

11  claimed" in the initial complaint).  Instead, the record indicates the sales contract was the first

12  document from which the amount in controversy could be calculated, thereby triggering the

13  second thirty-day window in 28 U.S.C. § 1446(b).  *See* Opp'n at 7; *cf. El-Said v. BMW of N. Am.,*

14  *LLC*, 2020 WL 1187171, at *3 (C.D. Cal. Mar. 11, 2020) (holding similarly).  Because defendant

15  filed its removal notice within thirty days of receiving the sales contract, the removal was timely.

16          **B.**      **Diversity of Citizenship**

17          Plaintiff also argues defendant does not establish there is complete diversity between the

18  parties.  *See* Mot. at 15.  Specifically, plaintiff contends defendant does not establish plaintiff is

19  domiciled in California.  *Id.*

20          As discussed above, for diversity jurisdiction to apply, there must be complete diversity—

21  as relevant here, the action must be between citizens of different states.  28 U.S.C. § 1332.  A

22  person is a citizen of the state in which she is domiciled.  *Kanter v. Warner-Lambert Co.*,

23  265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she

24  resides with the intention to remain or to which she intends to return."  *Id.* (citation omitted).

25  Domicile is determined by several factors including: "current residence, voting registration and

26  voting practices, location of personal and real property, location of brokerage and bank accounts,

27  location of spouse and family, membership in unions and other organizations, place of

4

1   employment or business, driver's license and automobile registration, and payment of taxes."

2   *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (citations omitted).

3       In the complaint, plaintiff alleges "at all relevant times" she was "located in the State of

4   California."  Compl. ¶ 1.  Significantly, plaintiff does not allege she resides in California or that

5   she is domiciled here.  *See generally id.*  In the notice of removal, defendant notes this fact, *see*

6   Removal Notice ¶ 39, but contends several documents support its contention "plaintiff [is] and

7   was at all relevant times, a citizen and resident of the State of California," *id.*¶ 41.  First,

8   defendant cites the sales contract, which indicates plaintiff's address was in Stockton, California

9   when she purchased the vehicle.  *Id.* ¶ 39; Sales Contract.  Second, defendant declares each repair

10  order obtained from the selling and servicing dealers indicate plaintiff was residing in Stockton,

11  California.  Clayton Decl. ¶ 12.  On this record, the court finds the notice of removal plausibly

12  alleges diversity jurisdiction.  *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068

13  (9th Cir. 2021) (defendant only needs to include plausible allegations of the jurisdictional

14  elements in the notice of removal).

15      Plaintiff does not provide any evidence she is domiciled elsewhere nor does she contest

16  the accuracy of defendant's evidence.  Instead, she argues simply defendant does not sufficiently

17  establish she is domiciled in California.  *See generally* Mot.; Reply.  To the extent plaintiff's

18  arguments create an evidentiary challenge, plaintiff has not provided any evidence to show she

19  was not at all relevant times a California citizen.  *See Ibarra v. Manheim Invs., Inc.*,

20  775 F.3d 1193, 1195 (9th Cir. 2015) (citation omitted) (when defendant's diversity assertion is

21  challenged, both sides present proof and court determines by preponderance of evidence whether

22  court has jurisdiction); *see generally* Mot., Reply.  Additionally, there is no evidence plaintiff is a

23  citizen of Delaware or Michigan, which would destroy diversity, given defendant's citizenship in

24  these two states.  *See* Clayton Decl. ¶ 15; Ford's 10-K Filing, Clayton Decl. Ex. E, ECF

25  No. 10-6; *see also* 28 U.S.C. § 1332(c).  Nor does plaintiff dispute defendant's citizenship.  *See*

26  *generally* Mot.; Reply.

27      In the absence of contradictory evidence, and given defendant shows plaintiff listed a

28   California address and continued to have her car serviced in California, the court finds it is more

1  likely than not plaintiff and defendant are completely diverse. *See, e.g.*, *Gonzalez v. Roto-Rooter*

2  *Servs. Co.*, No. 23-4486, 2023 WL 4826190, at *4 (C.D. Cal. July 26, 2023) (denying motion to

3  remand and finding complete diversity existed in part due to plaintiff's lack of evidence to

4  contrary); *Bashir v. Boeing Co.*, 245 F. App'x 574, 575 (9th Cir. 2007) (unpublished) (same).

5      In the alternative, defendant seeks leave to conduct jurisdictional discovery. Opp'n at 10.

6  Because the court finds the parties are diverse, the request is moot.

7      **C.    Comity**

8      Finally, assuming this court has diversity jurisdiction, plaintiff argues this court should

9  decline to exercise it. *See* Mot. at 18–19. According to plaintiff, because plaintiff's claims rest

10  solely on California state law, comity principles "weigh heavily in favor of remand." *Id.* This

11  argument is unpersuasive. This court does not have authority to decline to exercise its diversity

12  jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988) (diversity jurisdiction

13  not discretionary); *cf. Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) ("[A]

14  district court does not have discretion to refuse jurisdiction over state claims in a diversity case.").

15  Plaintiff's comity argument is rejected.

16  **IV.   CONCLUSION**

17      For the reasons set forth above, the court **denies** the motion to remand.

18      This order resolves ECF No. 9.

19      IT IS SO ORDERED.

20   DATED: July 9, 2024.

22                    CHIEF UNITED STATES DISTRICT JUDGE

23

24

25

26

27

6