UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Leticia Garcia,<br><br>               Plaintiff,<br><br>    v.<br><br>Ford Motor Company et al.,<br><br>               Defendants. | No. 2:24-cv-00563-KJM-SCR<br><br>ORDER |

Plaintiff Leticia Garcia sued Ford Motor Company in state court, alleging she bought a defective car from Ford. Ford removed the action to this court on the basis of diversity jurisdiction. Garcia now moves to amend her complaint to add a negligence claim against Tracy Ford, a California corporation. Garcia also seeks remand because with the addition of Tracy Ford, the parties would no longer be completely diverse, and this court would lack jurisdiction to hear this action. For the following reasons, the court **grants** the motion to amend and **remands** the action to state court.

**I.    BACKGROUND**

In 2023, Garcia bought a Ford truck. *See* Mot. Amend (Mot.) Ex. A at 3, ECF No. 17-2. She alleges the truck was defective. *See generally* Not. Removal Ex. A (Compl.), ECF No. 1-2. Garcia filed suit in San Joaquin County Superior Court, asserting three claims against Ford under

1

the Song-Beverly Consumer Warranty Act. *See generally id.* (citing Cal. Civ. Code §§ 1790–1795.8.). Garcia initially only named Ford as a defendant. *See id*. Ford removed the action to this court based on diversity jurisdiction. *See id.* Garcia responded by filing a motion to remand back to state court, which this court denied. *See* Order (Jul. 9, 2024), ECF No. 14.

Garcia now seeks to amend her complaint. *See generally* Mot. Ex. A. If permitted, she would assert a new negligent repair claim against a new defendant: Dornoch Inc., dba Tracy Ford (Tracy Ford). *Id.* She would allege Tracy Ford is a California business that sells, leases, services, and repairs Ford vehicles in San Joaquin County. *Id.* ¶ 3. Garcia also requests this court remand the action to state court because Tracy Ford is a non-diverse defendant, and its joinder would defeat this court's subject matter jurisdiction. Mot. at 3. The matter is fully briefed. *See* Opp'n, ECF No. 19 and Reply, ECF No.20.

## II.   LEGAL STANDARD

If a plaintiff seeks to join a non-diverse defendant after a removal based on a federal district court's diversity jurisdiction, "the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). "The language of § 1447(e) is couched in permissive terms," and "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Courts generally consider the following factors when deciding whether to deny or permit joinder of a non-diverse defendant:

> (1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as needed for just adjudication; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; (6) whether denial of joinder will prejudice the plaintiff.

*E.g.*, *Reyes v. FCA, LLC*, No. 20-008833, 2020 WL 7224286, at *3 (E.D. Cal. Dec. 8, 2020) (citations and internal marks omitted); *Sabag v. FCA LLC*, No. 16-06639, 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016). Claims of "fraudulent joinder," i.e., that a plaintiff's proposed

claims against the defendant are a meritless attempt to avoid federal court, are evaluated as part of this test. *See Reyes*, 2020 WL 7224286, at *4. "Any of these factors might prove decisive, and none is an absolutely necessary condition of joinder." *Sabag*, 2016 WL 6581154, at *4 (quoting *Cruz v. Bank of N.Y. Mellon*, No. 12-00846, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012)).

Ford, citing cases from across the country, claims the court cannot rely on materials outside of Garcia's original complaint filed in state court, as it would be "improper" to do so. Opp'n at 15–16. But this argument ignores the permissive language of § 1447(e), which provides: "If after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Considering joinder after removal necessarily requires the court to consider and address plaintiff's proposed amendments to the original complaint. *See also Newcombe*, 157 F.3d at 691 (finding district courts have discretion to remand cases to state court under § 1447(e)).

### III. ANALYSIS

The court considers each of the six factors identified above in turn.

#### A. Need for Joinder Under Rule 19(a)

"A party may be necessary under Rule 19(a) in three different ways." *Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). "First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties." *Id.* (citing Fed. R. Civ. P. 19(a)(1)(A)). "Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest." *Id.* (citing Fed. R. Civ. P. 19(a)(1)(B)(i)). "Third, a person is necessary if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest." *Id.* (citing Fed. R. Civ. P. 19(a)(1)(B)(ii)). "Although courts consider this standard in determining whether to permit joinder under § 1447(e), Rule 19(a) is stricter and more specific than § 1447(e)." *Eguilos v. Volkswagen Grp. of Am.*, No. 22-614, 2022 WL 2713273, at *2 (E.D. Cal. July 13, 2022) (citing *Reyes*, 2020 WL 7224286, at *4). "The salient question for purposes of § 1447(e) is whether

3

1 joinder will prevent separate and redundant actions." *Id.* (citing *Taylor v. Honeywell Corp.*,
2 No. 09-4947, 2010 WL 1881459, at *2 (N.D. Cal. May 10, 2010)).

3       The court concludes that the joinder of Tracy Ford will prevent separate and redundant
4 actions. Garcia's added negligent repair claim against Tracy Ford involves the same vehicle, the
5 same alleged defects to the vehicle, and provides dates for the allegedly negligent repairs—
6 sometime between November 20, 2023, and December 5, 2023—that are less than two months
7 out from the initial purchase of the allegedly defective car. *See* Mot. Ex. A at 10–11. Because of
8 the similarities between the claims, forcing Garcia to pursue two separate actions in federal and
9 state court would lead to redundancy. *See Reyes*, 2020 WL 7224286, at *4–5 (finding a negligent
10 repair claim against a servicer would lead to separate and redundant actions).

11       Ford argues Garcia has not alleged "a single fact, detail, or allegation regarding the repair
12 history of the Subject Vehicle, different than what was already alleged in the original complaint."
13 Opp'n at 9. Yet Garcia does allege specific dates when the repair happened. *See* Mot. Ex. A at
14 10. The new details regarding Garcia's negligent repair allegation taken together with her other
15 allegations supports joining Tracy Ford as a party to avoid redundant litigation. *See Reyes*,
16 2020 WL, 7224286 at *4. To the extent Ford argues that Garcia could obtain full relief without
17 adding Tracy Ford, it mistakes the purpose of this factor: relief is less important than whether
18 Garcia may "pursue an independent cause of action . . . directly against [the] Proposed
19 Defendants, forcing Plaintiff to pursue such claims separately in state trial court . . . ." *Malijen v.*
20 *Ford Motor Co.*, No. 20-1217, 2020 WL 5934298, at *5 n.1 (C.D. Cal. Aug. 20, 2020) (citations
21 and internal marks omitted). The first factor favors amendment.

22       **B.**    **Whether the Statute of Limitations Would Preclude a New Action**

23       "If a plaintiff could file an action against the joined defendant in state court, then there is
24 less reason to join them in this action." *Reyes*, 2020 WL 7224286, at *10 (quoting *Sandhu v.*
25 *Volvo Cars of N. Am., LLC*, No. 16-04987, 2017 WL 403495, at *3 (N.D. Cal. Jan. 31, 2017)).
26 The statute of limitations for breach of warranty claims under the Song-Beverly Act is four years.
27 *Philips v. Ford Motor Company*, No. 14-02989, 2016 WL 1745948, at *6 (N.D. Cal. May 3,
28 2016). Here, Garcia brought her vehicle to Tracy Ford for repair in November and December of

4

2023.  *See* Mot. Ex. A at 10.  Because the statute of limitations has not lapsed, Garcia is not time-barred from filing a new action against Tracy Ford in state court.  This factor weighs against amendment.

        **C.**       **Whether There Was Unexpected Delay in Requesting Joinder**

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion."  *Sabag*, 2016 WL 6581154, at *5 (quoting *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999)).  District courts in California have often held that if a plaintiff seeks leave to amend within a few months of the initial complaint or notice of removal, the delay is not unreasonable if the parties have not filed dispositive motions.  *See Eguilos*, 2022 WL 2713273, at *3 (collecting cases).  Here, Garcia filed her amended complaint within six months of her initial complaint and no dispositive motions have been filed.  The court finds this timeframe reasonable.  *See, e.g.*, *Reyes*, 2020 WL 7224286, at *6 (amended complaint filed three months after initial complaint); *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, No. 16-00949, 2016 WL 3396925, at * 3 (C.D. Cal. June 13, 2016) (five months); *Yang v. Swissport USA, Inc.*, No. 09-03823, 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010) (nine months).

In addition to timing, courts also have considered whether plaintiffs should have known the facts and theories underlying their new claims when they filed their original pleading.  *Goines v. BMW of N. Am., LLC*, No. 16-09271, 2017 WL 10676597, at *4 (C.D. Cal. July 14, 2017).  Holding out on claims until after removal can suggest improper motives.  *See Taylor v. Honeywell Corp.*, No. 09-4947, 2010 WL 1881459, at *2 (N.D. Cal. May 10, 2010).

Here, Garcia's proposed amendment does raise some red flags.  As in *Goines*, Garcia does not explain why she did not pursue a negligent repair claim before Ford moved for removal.  *See Goines*, 2017 WL 10676597, at *4 (holding plaintiffs knew or had reason to know of repair facility's involvement long before filing motion to amend).  As Ford correctly points out, Garcia could have pursued a claim against Tracy Ford in her original pleading, yet she did not.  Opp'n at 11.  Because the timeline favors amendment, but Garcia's delay disfavors it, the court finds this factor neutral.

      **D.**      **Validity of Plaintiff's Claim Against the Non-Diverse Defendant**

For purposes of section 1447(e), a plaintiff's proposed claim need only be facially viable. *Reyes*, 2020 WL 7224286, at *8. The standard is more lenient than the standard for dismissal or summary judgment; the claim need not be plausible or stated with particularity. *Id.*; *see also Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (declining to uphold a fraudulent joinder ruling that "requires a searching inquiry into the merits of the plaintiff's case"). A claim is facially viable if a state court could find the complaint states a claim against the non-diverse defendant. *Miranda v. FCA U.S. LLC*, 497 F. Supp. 3d 880, 884 (E.D. Cal. 2020).

Here, Garcia alleges Tracy Ford failed to remedy the problems in the subject vehicle and caused or "even exacerbate[ed]" the damages. Mot. Ex. A at 10. It is possible a state court could find a negligent repair claim viable under these circumstances. *See Sabicer v. Ford Motor Co.*, 362 F. Supp. 3d 837, 841 (C.D. Cal. 2019) ("One who undertakes repairs has a duty arising in tort to do them without negligence") (quoting *Sw. Forest Indus., Inc. v. Westinghouse Elec. Corp.*, 422 F.2d 1013, 1020 (9th Cir. 1970) (applying California law)). This factor favors amendment.

      **E.**      **Whether Joinder is Intended Solely to Defeat Jurisdiction**

The question of a plaintiff's intention is "intertwined" with the validity of the proposed claims. *Reyes*, 2020 WL 7224286, at *6 (quoting *Sabag*, 2016 WL 6581154, at *5–6). Courts infer an improper motive when the plaintiff's proposed amended complaint contains only minor changes. *See Clinco*, 41 F. Supp. 2d at 1083 n.2 (holding motive for joinder was to defeat federal jurisdiction where first amended complaint added one-sentence allegation to first claim and lightly altered sixth claim); *Eguilos*, 2022 WL 2713273, at *5 (where plaintiff added "only one new claim supported by a terse factual allegation").

Garcia's proposed amended complaint is distinguishable from those in *Clinco* and *Eguilos*. Garcia adds a much longer fourth claim against Tracy Ford than the light alterations in *Clinco*, alleging that Tracy Ford negligently "failed to properly diagnose the complaints or failed to properly remedy/repair" the subject vehicle on two specific dates. *See* Mot. Ex. A at 10. Further in *Eguilos*, the plaintiff's new claim rested in part on activities that took place after the

6

defendant had removed the action to federal court, which suggested an improper motive. *Eguilos*, 2022 WL 2713273, at *1. Here, the alleged negligent repair took place before Garcia initially filed suit in state court. *See* Mot. Ex. A at 10.

Ford argues Garcia's counsel have conceded their motive for the amended complaint was to defeat federal jurisdiction. Opp'n at 7; *see* Mot. Ex. B, ECF No. 17-3. Garcia's counsel told Ford's counsel, "Following the judge's orders to simply file an amended complaint adding the dealers . . . why don't we just stip to remand? Seriously." Mot. Ex. B. Although the email from Garcia's counsel could suggest an improper motive, Garcia's counsel never fully admitted the proposed amended complaint was solely aimed at defeating jurisdiction. *See id.* Further, even if remand was a motive to file an amended complaint, it is "insufficient to support a finding of fraudulent joinder here because plaintiff has alleged a valid claim" against Tracy Ford. *See Reyes*, 2020 WL 7224286, at *7.

Ford also argues that Garcia's new claim against Tracy Ford is "perfunctory," and the court should infer an improper motive as a consequence. Opp'n at 5. As noted above, the court disagrees; the added claim is longer and more substantive than the proposed alterations in *Clinco* and *Eguilos*. The court finds this factor weighs in favor of amendment.

### F.     Prejudice to Plaintiff

A plaintiff will be prejudiced if the proposed defendant is "crucial" to the case, as "it is in the economic benefit of all parties and the judicial system to 'have the entire controversy adjudicated only once.'" *Avellanet v. FCA US, LLC*, No. 19-7621, 2019 WL 5448199, at *4 (C.D. Cal. Oct. 24, 2019) (quoting *Delafontaine v. Volvo Cars of N. Am., LLC*, No. 16-07154, 2016 WL 7338404, at *4 (C.D. Cal. Dec. 19, 2016)); *Reyes*, 2020 WL 7224286, at *10. A defendant is not crucial if the court can afford complete relief without joinder of the proposed defendant. *Id.*

As Ford correctly argues, Garcia has not explained why she cannot obtain complete relief from Ford alone. Opp'n at 9. A plaintiff will not be prejudiced if the court can provide complete relief without the joinder of the proposed defendant. *Reyes,* 2020 WL 7224286, at *10. Therefore, the court finds this factor favors weighs against amendment.

### G. Balancing the Factors

Although it is a close case, the relevant factors weigh in favor of allowing Garcia leave to amend her complaint to add Tracy Ford and remanding this case to state court: three factors favor amendment, two do not and one is neutral. Because remand under § 1447 is "couched in permissive terms," and "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court," *Newcombe*, 157 F.3d at 691, the court finds remand appropriate because Garcia sought leave to amend in a reasonable time, no dispositive motions have yet been filed, and her proposed added claim is facially viable.

## IV. CONCLUSION

For the reasons set forth above:

- Garcia's motion to amend is **granted**;
- Garcia's request that this court remand this action to state court is **granted**;
- This action is remanded to the San Joaquin County Superior Court under 28 U.S.C. § 1447(e), for lack of subject matter jurisdiction; and
- The clerk of the court is directed to close this case.

This order resolves ECF No. 17.

IT IS SO ORDERED.

DATED: January 28, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE